IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| Plaintiff, | | No.9:17-CR-00033-1-RC |
| vs. | | |
| JAMES EDWARD TURNER | | |
| Defendant. | | |

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Pending is Defendant's Motion for Compassionate Release from Custody due to COVID-19.  (Doc. No. 135.)  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.  The Government filed a response.  (Doc. No. 138.)  Having considered the pending motion, the record, and the applicable law, the undersigned recommends denying Defendant's motion.

## I. BACKGROUND

On March 23, 2018, James Edward Turner, the Defendant, pleaded guilty to Count One of the Indictment, Possession with Intent to Distribute a Controlled Substance, namely Oxycodone, in violation of 21 U.S.C. § 841(a)(1).  On June 13, 2018, Turner was sentenced to 100 months' imprisonment, followed by 3 years' supervised release.  In the instant motion, Turner seeks to reduce his sentence due to COVID-19.

## II.  ANALYSIS AND RECOMMENDATION

On December 21, 2018, the President signed the First Step Act of 2018 into law.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  This provision is commonly referred to as "compassionate release."

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release.  *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3 (S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release.").  The First Step Act amended § 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D.

Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that a defendant must first exhaust his administrative remedies before seeking relief from the court. *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) ("This section authorizes release after a movant has exhausted his administrative remedies if 'extraordinary and compelling reasons warrant such a reduction.'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).

In the instant motion, Turner states that he started the administrative process and requested release from the warden, which was denied. He states that he has also filed a regional appeal in May 2020, but the administrative process is "fraught with delay." The Government's response confirms that Turner filed a request with the warden on June 17, 2019, for compassionate release due to his medical conditions, but this request was made prior to the COVID-19 pandemic. (Doc. No. 138.) This request was denied without delay on July 15, 2019—less than a month later. Further, the Government confirmed with BOP personnel that Turner has not filed a regional appeal, and he also has not renewed his request for compassionate release with the warden since the start of the pandemic. (*Id.*) As such, the court is without authority to waive the full exhaustion of his administrative remedies. *United States v. Collins*, No. CR 04-50170-04, 2020 WL 1929844, at *2 (W.D. La. Apr. 20, 2020) ("Section 3852(c)(1)(A) does not provide [the court] with the equitable authority to excuse [the defendant's] failure to exhaust his administrative remedies or to waive the 30-day waiting period.").

In addition, an applicant for compassionate release must show extraordinary and compelling reasons exist to warrant his release. In Application Note 1 to § 1B1.13 of the United

States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Turner is 34 years old and contends in his motion that he has pre-existing medical conditions. (Doc. No. 135.) He states that he has Lupus, end stage terminal renal disease, and hypertension. (*Id.*) Turner's presentence report states that Turner reported these diagnoses prior to sentencing, and it also states that he requires medication and dialysis. (Doc. No. 107.) The government argues that Turner's condition is not terminal and his medical conditions are being successfully managed and treated while in BOP custody. (Doc. No. 138.) BOP personnel reported that while Turner receives dialysis three times a week, he also lives in the general population, can take care of his own activities of daily living, and is cleared to work with no restrictions, including food service work. (*Id.*) Although Turner's medical condition presents some arguable basis for compassionate release, there still must be a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Turner's criminal history weighs against a finding of release. Turner has prior convictions for: burglary of a motor vehicle, interfering with the duties of a public servant, burglary of a building (6), theft (2), attempted burglary of a building, assault, and criminal trespass. (Doc. No. 107, p. 7-10.) In addition, BOP categorizes Turner as a high security risk

and a high recidivism risk.  Lastly, Turner has a no-extradition warrant out of Austin County, Texas for engaging in organized criminal activity, a third-degree felony.  Consequently, the undersigned cannot conclude that Turner would not pose a danger to the safety of any other person or the community, if released.

Moreover, Turner's fear of contracting COVID-19 and dying as a result of complications do not establish that the BOP cannot manage any outbreak that may occur within his correctional facility or that the facility is specifically unable to treat Turner, if he were to contract the virus and develop COVID-19 symptoms while incarcerated.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (finding the defendant had failed to present extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A]s defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

Consequently, Turner has failed to meet the requisite standard for compassionate release. Moreover, the BOP has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures

in response to COVID-19. *See Collins*, 2020 WL 1929844, at *3. The Memorandum to the BOP by Attorney General Barr on March 26, 2020, acknowledges that the Department of Justice ("DOJ") has an obligation to protect both BOP personnel and inmates. Attorney General Barr also notes that the DOJ has the responsibility of protecting the public, meaning that "we cannot take any risk of transferring inmates to home confinement that will contribute to the spread of COVID-19 or put the public at risk in other ways."

In summary, Turner has failed to satisfy his burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. *See United States v. Koons*, No. 16-214-05, 2020 WL 1940570, at *4-5 (W.D. La. Apr. 21, 2020) (stressing that "the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances"). It is therefore the recommendation of the undersigned that the Defendant's Motion for Release be DENIED.

### III.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of July, 2020.

Zack Hawthorn
United States Magistrate Judge